UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONTE MORGAN, et al.,           )
                                )
          Plaintiff(s),         )      No. C08-5211 BZ
                                )
     v.                         )
                                )      **AMENDED ORDER ON DEFENDANTS'**
HARMONIX MUSIC SYSTEMS,         )      **MOTION TO DISMISS FIRST**
INC., et al.,                   )      **AMENDED COMPLAINT AND MOTION**
                                )      **TO STRIKE**
          Defendant(s).         )
_____  )

     Defendants Harmonix Music Systems, Inc., MTV Networks,

and Electronic Arts, Inc. (collectively "defendants") move to

dismiss plaintiffs' first amended consumer class action

complaint ("complaint'), which alleges violations of

California's Consumer Legal Remedies Act, Cal. Civ. Code

§§ 1750 *et seq.* ("CLRA"); Cal. Bus. & Prof. Code §§ 17200 *et*

*seq.;* ("UCL") as well as violations of the Song-Beverly

Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*

///

///

///

///

1

1    ("Song-Beverly Act").[1]  Plaintiffs purchased defendants' Rock

2    Band video game and drum pedal hardware and allege that the

3    drum pedal was defective and broke within months of purchase.

4    For the reasons set forth below, defendants' motion to

5    dismiss for failure to state a claim under Rule 12(b)(6) is

6    **DENIED IN PART AND GRANTED IN PART**.[2]

7         Defendants challenge plaintiffs' first claim, for breach

8    of the implied warranty of merchantability, contending that

9    the implied warranty on the drum pedal is coextensive with

10   the express 60 day warranty and expired before plaintiffs'

11   drum pedals broke.

12        The implied warranty of merchantability arises by

13   operation of law.  <u>Hauter v. Zogarts</u>, 14 Cal. 3d 104, 117

14

_____

15        [1]    On January 1, 1965, the Uniform Commercial Code took
     effect in California. (Cal. U. Com. Code, § 1101 *et seq.; see*
16   *also* Stats. 1963, ch. 819, and 23A West's Ann. Cal. U. Com.
     Code, p. 1.) Division 2 of that code, also known as "Uniform
17   Commercial Code -- Sales," applies to "transactions in goods."
     Cal. U. Com. Code, § 2101, 2102.  The provision describing the
18   implied warranty of merchantability appears at section 2314.
     Although the Uniform Commercial Code provides a similar
19   warranty of merchantability, its provisions proved "limited in
     providing effective recourse to a consumer dissatisfied with a
20   purchase." <u>Krieger v. Nick Alexander Imports, Inc.</u>, 234 Cal.
     App. 3d 205, 213 (1991). In order to provide greater
21   protections and remedies for consumers, the Legislature enacted
     the Song-Beverly Act.  <u>Robertson v. Fleetwood Travel Trailers</u>
22   <u>of California, Inc.</u>, 144 Cal. App. 4th 785, 801 (2006).  It "is
     strongly pro-consumer" and "makes clear its pro-consumer
23   remedies are in addition to those available to a consumer
     pursuant to the [Uniform] Commercial Code . . . ." <u>Murillo v.</u>
24   <u>Fleetwood Enterprises, Inc.</u>, 17 Cal. 4th 985, 990(1998) To "the
     extent that the [Song-Beverly] Act gives rights to the buyers
25   of consumer goods, it prevails over conflicting provisions of
     the Uniform Commercial Code." 4 Witkin, Summary of Cal. Law
26   (10th ed. 2005) Sales, § 52, p.63 (citing Civ. Code, § 1790.3).

27        [2]    All parties have consented to my jurisdiction,
     including entry of final judgment, pursuant to 28 U.S.C.
28   § 636(c) for all proceedings.

1   (1975).  It does not "impose a general requirement that goods

2   precisely fulfill the expectation of the buyer. Instead, it

3   provides for a minimum level of quality." <u>Burr v. Sherwin</u>

4   <u>Williams Co.</u>, 42 Cal. 2d 682, 694 (1954); <u>Moore v. Hubbard &</u>

5   <u>Johnson Lumber Co.</u>, 149 Cal. App. 2d 236, 240-241 (1957).

6   Under the Song-Beverly Act, the duration of the implied

7   warranty of merchantability is the same as the duration of

8   any reasonable express warranty that accompanies the product,

9   but in no event shorter than 60 days or longer than one year.

10  *See* Cal. Civ. Code, § 1791.1, subd. (c).

11      The Court is not prepared to rule as a matter of law

12  that 60 days is a reasonable duration of the implied warranty

13  of merchantability for the drum pedal.  Defendants have cited

14  no authority, and the Court has found none, which requires

15  such a ruling.  Under the Commercial Code, the reasonableness

16  of any time period depends on the facts and circumstances

17  surrounding its invocation.  *See* Cal. U. Com. Code § 1205

18  (2008) ("Whether a time for taking an action required by this

19  code is reasonable depends on the nature, purpose, and

20  circumstances of the action.).  For products which are likely

21  to be used shortly after purchase and, if defective, fail

22  immediately, sixty days may be a reasonable warranty period.

23  But there are also products which are less likely to be used

24  directly upon purchase or whose defect may not show up for

25  some time.

26      Here, the drum pedal accompanies a video game and,

27  plaintiffs allege, is often bought as a gift, meaning that it

28  may not be used until well after its purchase.  In addition,

the defect is latent and may not be apparent on early use.
Furthermore, plaintiffs allege that defendants acknowledged
the unreasonableness of the 60 day period by advising the
public that until October 1, 2008, it would replace a damaged
drum pedal even after the 60 day period had expired.  Under
these circumstances, plaintiffs have sufficiently alleged a
claim for breach of the implied warranty of merchantability.

On July 2, 2009, the Court *sua sponte* raised the issue
of vertical privity.[3]  Defendants argued that the complaint
fails to allege facts establishing contractual vertical
privity between plaintiffs and defendants.  Under the
California Commercial Code, a plaintiff asserting breach of
warranty claims must stand in vertical contractual privity
with the defendant.  *See* Clemens v. Daimlerchrysler
Corporation, 534 F.3d 1017, 1023 (9th Cir. 2008).  While both
parties agree that the Song-Beverly Act does not require
vertical privity,  defendants nonetheless argue that insofar
as plaintiffs' implied warranty of merchantability claim is
based on the Song-Beverly Act, it should be dismissed
because, *inter alia*, plaintiffs have failed to allege that
they purchased the Rock Band drum pedal in California.  The
Song-Beverly Act only governs goods sold at retail in
California.  Cal. Civ. Code § 1792; *see also* Anunziato v.
eMachines, Inc., 402 F. Supp. 2d 1133, 1142 (C.D. Cal. 2005).

---

[3]     After further briefing from the parties, plaintiffs'
motion to amend the Court's prior order dismissing plaintiffs'
complaint with leave to amend is **GRANTED**.  By the consent of
both parties, who have agreed that the Song-Beverly Act does
not contain a vertical privity requirement, this order
supersedes the Court's prior order (Doc. No. 77).

1   Here, the complaint neither identifies where nor from whom

2   plaintiffs purchased Rock Band and therefore fails to state a

3   claim under either the California Commercial Code or the

4   Song-Beverly Act.  Accordingly, plaintiffs' breach of implied

5   warranty of merchantability claim is **DISMISSED** with leave to

6   amend.

7       Defendants next attack plaintiffs' CLRA claims.  As a

8   threshold matter, defendants argue that plaintiff Monte

9   Morgan ("Morgan") lacks standing to sue under the CLRA

10  because he is a resident of Kansas and did not purchase Rock

11  Band in California.[4]

12      California courts have extended state-created remedies

13  to out-of-state parties harmed by wrongful conduct only when

14  that conduct occurs in California.  *See, e.g.*, Diamond

15  Multimedia Systems, Inc. v. Superior Court, 19 Cal. 4th 1036

16  (1999); Norwest Mortgage, Inc. v. Superior Ct., 72 Cal. App.

17  4th 214, 224-25 (1999) ("State statutory remedies may be

18  invoked by out-of-state parties when they are harmed by

19  wrongful conduct occurring in California.").  Here,

20  plaintiffs' complaint alleges only that defendant Electronic

21  Arts, Inc., the distributor of Rock Band, is headquartered in

22  California.  There are no allegations connecting the other

23  defendants to California.  The complaint fails to allege what

24  conduct of the defendants, if any, that violated the CLRA

25  took place in California or how Morgan was injured in

26

27      [4]    Whether absent class members have standing to sue
    under California Consumer Protection Laws is better addressed
28  in connection with class certification.

California.  *See* <u>In re Mattel, Inc.</u>, 588 F. Supp. 2d 1111

(N.D. Cal. 2008) (complaint alleged, *inter alia*, that

reports, company statements, and advertisements containing

misrepresentations were approved by Mattel in California).  I

therefore conclude that plaintiffs have failed to allege

sufficient facts to establish that Morgan has standing to sue

under the CLRA and **GRANT** the motion to dismiss with leave to

amend.[5]

Defendants argue that the CLRA claims should be

dismissed because the complaint "fails to identify a single

representation or advertisement by [d]efendants that falsely

represents the characteristics, standard, or quality of the

*Rock Band* drum pedal."  (D's Mot. to Dismiss p.16.)

Plaintiffs allege that defendants, in their representations

and omissions, violated: 1) Cal. Civ. Code § 1770(a)(5) by

representing that the Rock Band drum kits have approval,

characteristics, uses and benefits that they do not have; 2)

Cal. Civ. Code § 1770(a)(7) by representing that the Rock

Band drum kits were of a particular standard or quality when

they were not; and 3) Cal. Civ. Code § 1770(a)(9) when they

advertised and marketed Rock Band drum kits with the intent

not to sell them as advertised.  More specifically,

---

[5]     Defendants make the same standing argument with
regard to plaintiffs UCL claims, discussed *infra*.  For the same
reasons that plaintiffs have failed to allege sufficient facts
to establish that Morgan has standing to sue under the CLRA,
plaintiffs have also failed to allege sufficient facts to
establish that Morgan has standing to sue under the UCL.  *See*
<u>Norwest Mortgage, Inc.</u>, 72 Cal. App. at 224-25 (1999)
(prohibiting non-California residents from asserting a UCL
claim based on conduct occurring outside of California's
borders).

plaintiffs allege that defendants violated the CLRA by
failing to disclose to the public that the Rock Band drum
pedals were defective and would readily break under ordinary
and expected usage, and by continuing to advertise, market,
and sell defective drum pedals notwithstanding knowledge of
the defect.

The CLRA proscribes both active misrepresentations about
the standard, quality, or grade of goods, as well as active
concealment related to the characteristics or quality of
goods that are contrary to what has been represented about
the goods.  Outboard Marine Corp. v. Superior Court, 52 Cal.
App. 3d 30, 36 (1972).  As stated in Outboard Marine, in the
CLRA context, "[f]raud or deceit may consist of the
suppression of a fact by one who is bound to disclose it or
who gives information of other facts which are likely to
mislead for want of communication of that fact."  Id. at 37;
see also Daugherty v. American Honda Motor Co., Inc., 144
Cal. App. 4th 824, 833-36 (2006) ("although a claim may be
stated under the CLRA in terms constituting fraudulent
omissions, to be actionable the omission must be contrary to
a representation actually made by the defendant, or an
omission of a fact the defendant was obliged to disclose.").

I find that the complaint does not plead sufficient
facts to state a claim under the CLRA for affirmative
misrepresentation or concealment.  The complaint fails to
identify any affirmative representation by defendant that the
drum pedals had a characteristic that they do not have, or
are of a standard or quality of which they are not.  See Cal.

1  Civ. Code, § 1770, subd. (a)(5) & (7).  Plaintiffs argue that

2  the complaint "includes numerous allegations of affirmative

3  representations"; yet the allegations to which plaintiffs

4  direct my attention merely state that plaintiffs weren't able

5  to play the game "as advertised."

6      Essentially, plaintiffs contend that any statement made

7  by defendants that the Rock Band game could be played with

8  drums was false because for certain customers, the pedal

9  eventually failed.  But California courts require more than

10 "vague statements" about a product to form the basis of an

11 actionable CLRA misrepresentation claim.  *See, e.g.*, Long v.

12 Hewlett-Packard Co., No. 06-02816, 2007 U.S. Dist. LEXIS

13 79262, 2007 WL 2994812, at *20-21 (N.D. Cal. July 27, 2007)

14 ("The word 'notebook' describes the type of product being

15 sold; it does not constitute a representation regarding the

16 quality of the computer's parts, nor a representation

17 regarding the consistency or longevity of the computer's

18 operation."); *see also* Consumer Advocates v. Echostar

19 Satellite Corp., 113 Cal. App. 4th 1351 (2003) (statements of

20 "crystal clear digital video" and "CD-quality audio" were

21 non-actionable, while representations that customers would

22 receive "50 channels" and a "7-day schedule" were actionable

23 misrepresentations).  The cases upon which plaintiffs rely

24 involve situations where a specific representation was made

25 about a product that proved false.  For example, in Paduano

26 v. America Honda Motor Co., 169 Cal. App. 4th 1453 (2009),

27 the court held that "just drive the Hybrid like you would a

28 conventional car, while saving on fuel bills" could be a

1  misrepresentation because the Hybrid could not save on fuel
2  bills if driven exactly like a conventional car.  The
3  representation was specific to what would happen if the
4  Hybrid was driven a certain way.  Here, plaintiffs have
5  alleged no specific representations about the durability of
6  the foot pedal.

7      Nor does the complaint allege facts showing that
8  defendants were "bound to disclose" any defect in the drum
9  pedal, particularly in light of the fact that both
10 plaintiffs' drum pedals, according to the complaint, lasted
11 the duration of the express warranty.[6]  *See* Oestreicher v.
12 Alienware Corp., 544 F. Supp. 2d 964, 969-70 (2008)
13 (reviewing case law pertaining to when there is a duty to
14 disclose).  According to all relevant case law, defendants
15 are only under a duty to disclose a known defect in a
16 consumer product when there are safety concerns associated
17 with the product's use.  *See, e.g.*, Daugherty, 144 Cal. App.
18 4th at 835-36; Bardin v. DaimlerChrysler Corp., 136 Cal. App.
19 4th 1255 (2006); Long v. Hewlett-Packard Co., No. 06-02816,
20 2007 U.S. Dist. LEXIS 79262, 2007 WL 2994812, at *8 (N.D.
21 Cal. July 27, 2007).

22     Accordingly, plaintiffs' claim for violation of the CLRA

23

---

24     [6]   The complaint alleges that plaintiff Morgan purchased
   his drum kit on July 6, 2008 and that his pedal broke on
25 October 18, 2008, more than one month after the sixty day
   warranty expired.  The complaint alleges that plaintiff Vasquez
26 purchased his drum kit "on or about" December 15, 2007 and that
   his pedal broke "in February 2008."  It is unclear whether
27 Vasquez's pedal broke before or after the sixty day warranty
   elapsed and why it was not replaced under the extended warranty
28 period provided by defendants throughout most of 2008.

1  fails because the complaint neither alleges facts showing

2  defendants were "bound to disclose" any known defects related

3  to the Rock Band drum pedal, nor alleges a single affirmative

4  representation by defendants regarding the drum pedals.

5  Plaintiffs' CLRA claim is **DISMISSED** with leave to amend.

6      Finally, defendants argue that plaintiffs fail to state

7  a claim under California's Unfair Competition Law, Cal. Bus.

8  & Prof. Code § 17200 *et seq.*   The UCL prohibits acts or

9  practices which are (1) fraudulent, (2) unlawful, or (3)

10  unfair.   Cal. Bus. & Prof. Code § 17200.   Plaintiffs argue

11  that the complaint states a claim for unfair competition by

12  alleging that the defendants intentionally concealed a known

13  defect with the Rock Band drum pedals for the specific

14  purpose of "deliberately cheating large numbers of consumers

15  out of individually small sums of money" by forcing consumers

16  to either buy the new version of Rock Band or a replacement

17  part. (Compl. ¶¶ 31, 67).   They argue that defendants'

18  actions violated all three prongs of the UCL.

19      By proscribing unlawful business practices, the UCL

20  borrows violations of other laws and treats them as

21  independently actionable.   Practices may be deemed unfair or

22  fraudulent, however, even if not proscribed by some other

23  law. Farmers Ins. Exchange v. Superior Court, 2 Cal. 4th

24  377, 383 (1992); *see also* Cel-Tech Communications, Inc. v.

25  Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180

26  (1999).

27      "[A]n action based on . . . [S]ection 17200 to redress

28  an unlawful business practice borrows violations of other

laws and treats these violations, when committed pursuant to
business activity, as unlawful practices independently
actionable." Farmers Ins. Exchange, 2 Cal. 4th at 383
(citations and internal quotations omitted).  I have
concluded that plaintiffs have not stated a CLRA claim, and
plaintiffs have not identified any other law which they claim
defendants violated, the CLRA cannot serve to support a claim
under the "unlawful" prong of Section 17200.

       With regard to the unfairness prong of the UCL, I find
that plaintiffs have failed to allege that defendants'
actions were unfair, as that term is used under the UCL.
Historically, in order to determine whether conduct is unfair
under the UCL, California courts applied a balancing test.
Under that test, "the determination of whether a particular
business practice is unfair necessarily involves an
examination of its impact on its alleged victim, balanced
against the reasons, justifications and motives of the
alleged wrongdoer. In brief, the court . . . weigh[s] the
utility of the defendant's conduct against the gravity of the
harm to the alleged victims." Motors, Inc. v. Times Mirror
Co., 102 Cal. App. 3d 735, 740 (1980); see also People v.
Casa Blanca Convalescent Homes Inc., 159 Cal. App. 3d 509
(1984) (stating that a practice in California is unfair "when
it offends an established public policy or when the practice
is immoral, unethical, oppressive, unscrupulous or
substantially injurious to consumers.").  However, in
Cel-Tech Communications, Inc. v. Los Angeles Cellular
Telephone Co., 20 Cal. 4th 163 (1999), the Supreme Court of

11

California rejected this test and held that in the context of an unfair competition claim brought by a competitor, "any finding of unfairness . . . [must] be tethered to some legislatively declared policy." <u>Id.</u> at 185.  While the <u>Cel-Tech</u> court expressly limited its holding to competitor lawsuits, the appropriate test to determine whether a practice is "unfair" in a consumer case under California law is uncertain.[7]  <i>See</i> <u>Lozano v. AT&T Wireless Services, Inc.</u>, 504 F.3d 718, 735 (9th Cir. 2007) (stating "California's unfair competition law, as it applies to consumer suits, is currently in flux."); <i>see also</i> <u>Spiegler v. Home Depot U.S.A.</u>, 552 F. Supp. 2d 1036, 1045 (C.D. Cal. 2008).

I conclude that under either test, plaintiffs' complaint does not sufficiently allege that defendants engaged in unfair practices.  First, plaintiffs have not alleged facts sufficient to show that defendants' conduct violates a "legislatively declared policy."  Second, under the balancing test, plaintiffs have failed to state a claim, as they do not allege that defendants made any specific representations about the composition of the drum pedals relative to their

---

[7]     Following the California Supreme Court's decision in <u>Cel-Tech</u>, appellate court opinions have been divided over whether the definition of "unfair" under the UCL as stated in <u>Cel-Tech</u> should apply to UCL actions brought by consumers.  <i>See</i> <u>Paulus v. Bob Lynch Ford, Inc.</u>, 139 Cal. App. 4th 659 (2006) (noting split of authority).  Compare, for example, <u>Smith v. State Farm Mutual Automobile Ins. Co.</u> (2001) 93 Cal. App. 4th 700, 720 n.23 (2001) ("we are not to read <u>Cel-Tech</u> as suggesting that such a restrictive definition of 'unfair' should be applied in the case of an alleged consumer injury") with <u>Scripps Clinic v. Superior Court</u>, 108 Cal. App. 4th 917, 940 (2003) (requiring, under <u>Cel-Tech</u>, that a UCL claim be tethered to a legislatively declared policy).

use; that plaintiffs suffered any substantial injury due to
the alleged defect in the drum pedals other than the cost for
the repair or replacement of the drum pedals; or that
defendants' actions violated any public policy.  *See* <u>Bardin</u>,
136 Cal. App. 4th at 1270 (allegation that manufacturer used
less expensive and less durable steel, rather than cast iron,
in exhaust manifold to make more money does not state a
violation of public policy and was not immoral or unethical);
*see also* <u>Spiegler</u>, 552 F. Supp. 2d at 1045-46.  Accordingly,
plaintiffs have not alleged sufficient facts to establish a
violation of the "unfairness" prong of the UCL.

Finally, the conduct alleged does not constitute a
fraudulent business act or practice.  Unlike common law
fraud, a UCL violation can be shown even without allegations
of actual deception, reasonable reliance, and damage.
Historically, the term "fraudulent," as used in the UCL, has
required only a showing that members of the public are likely
to be deceived.  <u>Committee on Children's Television, Inc. v.
General Foods Corp.</u>, 35 Cal.3d 197, 211 (1983) *superceded on
other grounds as explained in* <u>Californians for Disability
Rights v. Mervyn's, LLC</u>, 39 Cal. 4th 223, 228 (2006); *see
also* <u>Schnall v. Hertz Corp.</u>, 78 Cal. App. 4th 1144, 1167
(2000).  Plaintiffs contend that defendants' failure to
disclose the defect in the drum pedal, and their continued
efforts to market and advertise the Rock Band game as one in
which an individual could play the part of a drummer, were
deceptive practices that were "likely to deceive members of
the consuming public."  (Compl. ¶¶ 71-74.)  Fairly read, the

complaint's focus is on defendants' alleged failure to
disclose their alleged knowledge that the drum pedals would
fail to work properly after only slight use.  However, as
previously stated, "[a]bsent a duty to disclose, the failure
to do so does not support a claim under the fraudulent prong
of the UCL." Berryman v. Merit Property Management, Inc.,
152 Cal. App. 4th 1544, 1557 (2007) (failure to disclose
detailed listings or breakdowns of specific escrow charges
comprising transfer or document fees did not violate the
UCL).  This is because a consumer is not "likely to be
deceived" by the omission of a fact that was not required to
be disclosed in the first place.[8]

     "In order to be deceived, members of the public must
have had an expectation or an assumption about" the product
at issue.  Bardin, 136 Cal. App. 4th at 1275.  Here, the
complaint fails to allege facts showing that defendants made
any representation regarding the durability of the drum
pedals.  Accordingly, the only expectation buyers could have
had about the drum pedals was that they would function
properly for the length of the express warranty, which
according to the allegations of the complaint, was about how

---

[8]     Plaintiffs' reliance on Falk v. General Motors, 496
F. Supp. 2d 1088 (N.D.Cal. 2007)(manufacturer owed a duty to
disclose a known safety defect) and Baggette v. Hewlett-Packard
Co., 582 F.Supp. 2d 1261 (C.D. Cal. 2007)(specific
representation that ink cartridge was empty when it was not was
actionable) is misplaced.  Here, there are no allegations that
the allegedly defective foot pedal created a safety problem or
that defendants made any representation about the durability of
the pedal.  Furthermore, at least one state court has declined
to read Falk as recognizing a duty to disclose outside the
safety area.  Buller v. Sutter Health, 160 Cal. App. 4th, 981,
988 (2008).

1  long the pedals lasted.  *See* <u>Daugherty</u>, 144 Cal. App. 4th at

2  838.  Plaintiffs' allegations are therefore insufficient to

3  sustain a fraud-based claim under the UCL.  Plaintiffs'

4  claims for violations of the UCL are **DISMISSED** with leave to

5  amend.[9]

6      Plaintiffs' amended complaint shall be filed by **August**

7  **14, 2009**.  In view of the referral to Judge Spero for a

8  settlement conference, defendants need not respond to the

9  amended complaint until 15 days after the conclusion of the

10  settlement conference.  The current class certification

11  schedule is **VACATED**.  If the case does not settle, the

12  parties shall stipulate to a new schedule or contact the

13  Court for a status conference.

14  Dated:  July 30, 2009

15                      _____

16                          Bernard Zimmerman
                        United States Magistrate Judge

17

18

19

20  G:\BZALL\-BZCASES\MORGAN v. HARMONIX\AMENDED ORDER ON D'S MOT TO DISMISS.FINAL.wpd

21

22

23

24

25

26  _____

27      [9]   Defendants' motion to strike is **DENIED** without
   prejudice.  Issues related to plaintiffs' proposed class
   definition are better resolved as part of the class
28  certification process.